IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VIRGINIA L. BRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-0381-W-DW |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Virginia L. Bruce seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and for supplemental security income (SSI) benefits. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (8th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v.

Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

## Analysis

Plaintiff argues (1) the ALJ failed to consider the functional demands of Plaintiff's prior work activity; and (2) the ALJ did not apply the correct legal standard to assess Plaintiff's Residual Functional Capacity.

### Functional Demands of Prior Work Activity

Despite Plaintiff's statements otherwise, the ALJ made "explicit findings regarding the actual physical and mental demands of the claimant's past work." Ingram v. Chater, 107 F.3d 598, 604 (8th Cir. 1997), *quoting* Groeper v. Sullivan, 932, F. 2d 1234 (8th Cir. 1991). In addition to Plaintiff's testimony and written descriptions of her past work experience, the ALJ heard testimony from the vocational expert. Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004)(ALJ properly relied on Plaintiff's own description of her past duties in making findings as the demands of prior work); Walters v. Apfel, 998 F. Supp. 1078, 1083 (E.D. Mo. 1998) (testimony of a vocational expert satisfies Groeper requirement). The Vocational Expert testified as to the "exertion level and skill level" of Claimant's "past relevant work." Roberts v. Massanari, 150 F. Supp. 2d 1004, 1012 (E.D. Mo. 2001).

### Residual Functional Capacity

Plaintiff argues that the ALJ's findings regarding her Residual Functional Capacity (RFC) are not supported by substantial evidence. The ALJ "must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). In this case, the ALJ determined that Plaintiff had the residual function capacity to "stand and/or walk with walking limited to 1 to 3 blocks, mostly one block, up to 6 hours a day." Plaintiff also was found to have unlimited ability to sit and be able to "lift and carry 20 pounds occasionally and 10 pounds frequently and bend, twist, squat and climb occasionally."

In making the RFC determination, the ALJ considered and cited Plaintiff's medical records and the medical testimony of Dr. Watts. Throughout the record, Plaintiff failed to complain of any pain or edema in her legs. Further, Dr. Watts testified that Plaintiff could perform the tasks enumerated in the ALJ's RFC determination. The ALJ also properly discredited Plaintiff's credibility. See Russell v. Sullivan, 950 F. 2d 542, 5454 (8th Cir. 1991). The ALJ found that Plaintiff's complaints were contrary to the medical records and her alleged daily activities. Plaintiff testified that she often helps with cleaning and caring for her grandchildren. Accordingly, there is substantial evidence on the record to support the ALJ's determination.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

SO ORDERED.

Date: February 13, 2007                                 /s/ DEAN WHIPPLE
                                                                                                                  Dean Whipple
                                                                                                                United States District Court